## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ambar Ortega, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>RWJ Barnabas Health, Inc.,<br><br>Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. |

Plaintiff Ambar Ortega, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### INTRODUCTION

1.      This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees of Defendant RWJ Barnabas Health, Inc. (hereinafter also referred to as "RWJ" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2.      This action also seeks to recover unpaid compensation, as well as interest, costs, and any other appropriate relief, under New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a, et seq. ("NJWHL"), and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1, et seq., and New Jersey Wage Theft Act, N.J.S.A. §§ 34:11-4.4, et seq. ("NJWTA") (collectively "New Jersey

Labor Law"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's New Jersey Labor Law claims because those claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6.      Plaintiff Ambar Ortega is an individual and a resident of Highland Park, New Jersey.  Plaintiff Ortega has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7.      Defendant RWJ Barnabas Health, Inc. is a New Jersey not-for-profit corporation with its headquarters and principal place of business at 95 Old Short Hills Road, West Orange, New Jersey.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

8.      Defendant RWJ holds itself out as "New Jersey's largest integrated health care delivery system, providing treatment and services to more than three million patients each year."[1]

---

[1] https://www.rwjbh.org/why-rwjbarnabas-health-/ (last accessed Oct. 29, 2024)

9.      As "the state's largest private employer with 41,000 employees," [2] RWJ runs "12 acute care hospitals, 3 children's hospitals, [and] a growing number of [] outpatient facilities and physician practices[.]" [3]

10.     Defendant RWJ is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

11.     At all times relevant, Defendant also was an employer covered by New Jersey Labor Law.

12.     Defendant RWJ utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

13.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

14.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16.     Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

---

[2] https://www.rwjbh.org/careers/ (last accessed Oct. 29, 2024)
[3] https://www.rwjbh.org/for-health-care-professionals/ (last accessed Oct. 29, 2024)

17.     Plaintiff Ortega was initially hired by Defendant on or about April 17, 2023 as a Clinical Care Technician (hereinafter "CCT"). Plaintiff Ortega was hired to work for Defendant as an hourly, nonexempt employee, and generally worked at least forty (40) hours per week at RWJ New Brunswick, NJ, at an hourly rate of approximately $22.42 per hour as a CCT.

18.     In October 2024 Plaintiff Ortega was reassigned by Defendant to an administrative job. Following Plaintiff's request for a change in her schedule, Plaintiff was unable to obtain this accommodation and was reassigned to a different role. She now works 16 hours per week at an hourly rate of approximately $17.17.

19.     Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and New Jersey Labor Law.

21.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours Worked
as a Result of Defendant's Time Rounding Policy**

22.     Plaintiff Ortega and other members of the FLSA Collective and State Law Class are required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

23.     Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Similarly, Plaintiff Ortega and the members of the FLSA Collective and State Law Class regularly worked,

stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

24.    Defendant RWJ implemented a policy in which employees are expected to clock in and start working up to seven (7) minutes early, which is then rounded up in favor of Defendant. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering additional compensation. Similarly, employees are instructed not to clock out more than seven (7) minutes late, as this would cause the time to be rounded in the employee's favor, triggering additional straight time compensation in non-overtime weeks, or additional overtime compensation in weeks where the rounded time constituted overtime hours.

25.    Upon hiring or otherwise during their employments, Plaintiff and the members of the FLSA Collective and State Law Class are told that they will be penalized if they clock in one minute late or clock out one minute early, whether or not they clocked-in early or work late. To that end, Defendant utilizes an attendance and/or disciplinary policy to ensure that Defendant's rounding system is substantially rigged in Defendant's favor. As a result, Plaintiff Ortega and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and State Law Class for all

hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and the provisions of New Jersey Labor Law cited herein.

26.    By way of example, as both a CCT and administrative employee, Plaintiff Ortega clocks in at the nurses station up to seven (7) minutes prior to her shift starting time (by way of example, prior to the 7:00 a.m. shift time as a CCT), and immediately receives her job assignment and starts working, performing the principal activities of her job. For example, as a CCT, Plaintiff Ortega would clock in and immediately start answering calls and performing the other principal job duties of a CCT, stepping in to replace colleagues from the previous shift. Plaintiff Ortega regularly clocks in four (4), five (5), or six (6) minutes prior to the beginning of her shift and immediately starts working.

27.    Similarly, Plaintiff Ortega and other members of the FLSA Collective and State Law Class regularly work after the end of their shift times but are only paid up until their shift ending times. These employees are not paid for all time worked up and until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant RWJ as tracked in Defendant's timekeeping system.

28.    By way of example, Plaintiff Ortega often stops working four (4), five (5), or six (6) minutes after the end of her shift (for example, after the 3:30 p.m. shift ending time when she worked as a CCT) and clocks out, which, when combined with the additional minutes she worked at the beginning of her shift that was rounded away, regularly adds up to several minutes each day and workweek for which Defendant fails to compensate her.

29.    Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendant failed

to pay Plaintiff and the members of the FLSA Collective and State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA and New Jersey Labor Law.

30.    Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Named Plaintiff, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

31.    Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Named Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Named Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such

overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Named Plaintiff and the State Law Class for such hours on a straight time basis.

32.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

33.     As a result, Plaintiff Ortega and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Ortega and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and N.J.S.A. 34:11-56a4(b)(1).

34.     Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to ….[and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

35.    The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and New Jersey Labor Law.

### Defendant's Record Keeping Violations

36.    The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

37.    Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38.    Similarly, the New Jersey Wage Theft Act requires employers, such as RWJ, to provide employees with a statement of deductions from wages for each pay period.

39.    Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded,

modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class.  Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's and New Jersey Labor Law's record keeping requirements.

### <u>The Willfulness of Defendant's Violations</u>

40.    By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

41.    Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

42.    Accordingly, Defendant's failure to compensate Plaintiff Ortega and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of New Jersey Labor Law N.J.S.A. § 34:11-56a, et

seq. and N.J.S.A. § 34:11-4, et seq., as well as § N.J.S.A 34:11-4.6 requiring employers to provide

a statement of deductions from wages for each pay period.

43.    Plaintiff and members of the FLSA Collective and State Law Class are therefore

entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29

U.S.C. § 260 and New Jersey Labor Law.

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

44.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 43, as if fully rewritten herein.

45.    Plaintiff brings this case on behalf of a group of employees of Defendant (the

"FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by

filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the date of judgement in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[4]

46.    Such persons are "similarly situated" with respect to Defendant's FLSA violations,

in that all were non-exempt employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in

excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing

and time manipulation policies, and all have the same claims against Defendant for unpaid

overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

---

[4] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery.

47. Plaintiff Ortega and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Ortega will prosecute this action vigorously on their behalf.

48. Plaintiff Ortega and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Ortega and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

49. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

## STATE LAW ALLEGATIONS
### (As to COUNTS TWO, THREE, and FOUR)

50. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43, as if fully rewritten herein.

51.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert violation of New Jersey Labor Law claims (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period from August 6, 2019, to the date of judgement in this action who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

52.     There are questions of law or fact common to the State Law Class, including but not limited to:

(a)  Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b)  Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the NJWHL, and/or NJWTA;

(c)  Whether Defendant failed to pay Plaintiff and the State Law Class overtime compensation for all hours worked in excess of forty (40) hours in a workweek in violation of the FLSA and NJWHL;

(d)  Whether RWJ's violations of the FLSA, NJWHL, and/or NJWTA were willful;

(e)  Whether RWJ failed to provide accurate paystubs under NJWTA;

(f)  What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

53.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

54.     The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one

thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and New Jersey Labor Law, as set forth above.

55.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

56.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

57.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

58.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 49 as if fully rewritten herein.

59.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

60.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

61.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

62.     The overtime wage provisions set forth in 29 U.S.C. § 201, et seq., apply to Defendant.

63.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

64.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

66.     As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or

recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67.    As a result of Defendant's  FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

68.    Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### COUNT TWO
### (Failure to Pay Overtime Wages Under the NJWHL)
### *On Behalf of Plaintiff and the State Law Class*

69.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 43, and paragraphs 50 through 57, as if fully rewritten herein.

70.    At all relevant times, RWJ was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

71.    At all relevant times, RWJ employed Plaintiff Ortega and the State Law Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

72.    Section 34:11-56a4 of the NJWHL requires employers, like RWJ, to pay employees, like Plaintiff Ortega and the State Law Class members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek. *See* N.J.S.A. 34:11-56a4(b)(1).

73.    By virtue of its rounding policy, RWJ violated, and is violating, the NJWHL by failing to pay Plaintiff and the State Law Class overtime wages (at the proper premium rate based on all renumeration received) for all hours worked in excess of forty (40) hours in a workweek, as provided by N.J.S.A. 34:11-56a4(b)(1).

74.    Plaintiff and the State Law Class have been harmed as a direct and proximate result of RWJ's unlawful conduct because they have been deprived of wages owed for work that they performed and from which RWJ derived a direct and substantial benefit.

75.    RWJ knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the State Law Class premium overtime compensation for all overtime hours worked.

76.    RWJ's failure to pay Plaintiff and the State Law Class overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

77.    Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular hourly rates of pay, liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-56a25.

## COUNT THREE
### (Failure to Pay All Wages Earned Under the NJWTA)
### *On Behalf of Plaintiff and the State Law Class*

78.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 43, paragraphs 50 through 74, and paragraphs 69 through 77 as if fully rewritten herein.

79.     Plaintiff brings her NJWTA claims as a class action on behalf of herself and the State Law Class pursuant to fed. R. Civ. P. 23.

80.     Defendant's conduct alleged above violates the NJWTA, N.J.S.A. 34:11-4, et seq.

81.     At all relevant times, RWJ was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

82.     At all relevant times, RWJ employed Plaintiff Ortega and the State Law Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

83.     The NJWTA requires employers, like RWJ, to pay employees, like Plaintiff Ortega and the State Law Class members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. *See* N.J.S.A. 34:11-4.2.

84.     During the course of their employments, RWJ agreed to pay Plaintiff and each State Law Class member "wages" – within the meaning of the NJWTA, *see* N.J.S.A. 34:11-4.1(c) – including hourly rates for all hours they worked under and up to forty (40) hours in a workweek, as well as overtime rates for all hours they worked in excess of forty (40) hours in a workweek.

85.     But during the course of their employment, RWJ failed to pay Plaintiff and the State Law Class all wages earned for all time they worked at the rates RWJ agreed to pay them.

86.     As a result of RWJ's illegal automatic rounding policy, Plaintiff and the State Law Class have been deprived of all wages earned, due, and owed to them.

87.     The wages RWJ owes to Plaintiff and the State Law Class remain unpaid.

88.     RWJ knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the State Law Class all wages earned for all hours worked.

89.     RWJ's failure to pay Plaintiff and the State Law Class all wages rated at the rates RWJ agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages owed made in good faith.

90.     Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4-10(c).

## COUNT FOUR
### (Failure to Provide Pay Deductions Under the NJWTA)
### *On Behalf of Plaintiff and the State Law Class*

91.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 43, paragraphs 50 through 57, and paragraphs 69 through 90 as if fully rewritten herein.

92.     Plaintiff brings her NJWTA claims as a class action on behalf of herself and the State Law Class pursuant to Fed. R. Civ. P. 23.

93.     The conduct alleged violates the NJWTA, N.J.S.A. 34:11-4.6.

94.     At all relevant times, RWJ was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

95.     At all relevant times, RWJ employed Plaintiff Ortega and the State Law Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

96.     The NJWTA requires employers, like RWJ, to provide a statement of deductions from wages for each pay period. *See* N.J.S.A. 34:11-4.6.

97.     Defendant kept records of hours worked by Plaintiff and members of the State Law Class. However, at the time that the hours worked by Plaintiff and members of the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do

not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the State Law Class.

98.     As a result of RWJ's illegal automatic rounding policy, Plaintiff and the State Law Class have not been provided with accurate pay statements showing the deductions made from their wages, as is also mandated by the New Jersey Wage Theft Act. *See* 34:11-4.6(c).

99.     RWJ knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to provide accurate paystubs to Plaintiff and the State Law Class reflecting all hours worked, and consequently failed to pay for all hours worked.

100.    RWJ's failure to pay Plaintiff and the State Law Class all wages at the rates RWJ agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages owed made in good faith.

101.    Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4-10(c).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A.     Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.     Promptly order Defendant to provide all contact information, including but not

limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.    Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D.    Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.    Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and New Jersey Labor Law and enjoining Defendant from continuing to violate the FLSA and New Jersey Labor Law, as well as awarding the relief set forth immediately below;

G.    Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.    Award Plaintiff and other members of the State Law Class all damages allowed by New Jersey Labor Law, including but not limited to all unpaid "straight time" and overtime wages, liquidated damages in an amount equal to 200% of their unpaid wages, and all other penalty damages available;

I.    Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.    Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.    Enter such other and further relief as this Court deems equitable, just, and proper.

Date: November 1, 2024                          Respectfully submitted,

                                                                 s/ Seth R. Lesser
                                                                 Seth R. Lesser
                                                                 Christopher M. Timmel*

Jessica Rado*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
mclark@lawjw.com

Joseph F. Scott *
Ryan A. Winters *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED